# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50881

United States Court of Appeals
Fifth Circuit

**FILED**

July 18, 2016

Lyle W. Cayce
Clerk

JILLIAN JOHNSON,

>Plaintiff - Appellant

v.

WORLD ALLIANCE FINANCIAL CORPORATION; REVERSE MORTGAGE SOLUTIONS, INCORPORATED,

>Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas

Before DAVIS, JONES, and GRAVES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Plaintiff-Appellant Jillian Johnson ("Mrs. Johnson") sued Defendants-Appellants World Alliance Financial Corporation ("WAF") and Reverse Mortgage Solutions, Incorporated ("RMS") (collectively, "Appellees"), alleging, *inter alia*, breach of a reverse mortgage agreement and fraudulent inducement. The district court dismissed the case on summary judgment. We hold that Mrs. Johnson cannot assert a claim against Appellees for breach of HUD regulations, there was no breach of contract and no valid fraudulent inducement claim. Accordingly, we **AFFIRM**.

No. 15-50881

## BACKGROUND

In April 2009, Jay Johnson ("Mr. Johnson") entered into a reverse mortgage, or a Home Equity Conversion Mortgage (a "HECM"), with WAF. A year later, the HECM was assigned to RMS. The HECM was for $273,897.62, and could increase by accrual of interest to a maximum of $690,000 for the life of the loan. The loan was secured by Johnson's 1.7 acre estate in Del Rio, Texas (the "Property"). At the time of the HECM's origination, there were two outstanding liens on the Property: (1) a lien for $251,394.75, payable to Washington Mutual; and (2) a $50,000 owelty lien, which had been awarded to Barbara Baker ("Baker") when she divorced Mr. Johnson in 2008. The Washington Mutual lien (the "2001 lien") was paid by WAF at closing. The owelty lien (the "Baker lien") was to be paid off when the Property was sold; thus, it was not paid when the HECM was originated.

In November 2010, Appellant Jillian Johnson ("Mrs. Johnson") married Mr. Johnson. While Mr. Johnson was honeymooning abroad in 2011, Baker informed him of her intent to foreclose. Baker believed that the HECM had triggered a default provision in her lien. In August 2011, Baker foreclosed on the Property and allegedly removed or destroyed personal property items that had emotional significance to Mrs. Johnson. The day before the foreclosure sale, RMS sued Baker in state court, challenging her right to foreclose. In March 2012, Mr. Johnson passed away in Guatemala.

After approximately two years, during which time Baker allegedly kept rents and allowed the Property to deteriorate, the state trial court granted summary judgment in favor of RMS.[1] Baker appealed, but the case ultimately

---

[1] The state trial court granted summary judgment in favor of RMS, concluding, in part, that the HECM did not constitute a sale of the Property, and holding that the Trustee's Deed obtained by Baker through foreclosure was void.

No. 15-50881

settled for the minimal amount of $15,000.  The settlement put the Property's title back in Mr. Johnson's name and revived Mrs. Johnson's homestead rights.

In March 2014, Mrs. Johnson did not sue Baker—she sued Appellees. She brought claims of breach of contract, fraudulent inducement, violations of the Texas Debt Collections Act, and promissory estoppel.  Mrs. Johnson primarily argued that the Property's foreclosure could have been avoided if WAF had not issued a HECM in violation of the United States Housing and Urban Development ("HUD") guidelines.  In July 2015, a magistrate judge issued his Report and Recommendation ("R&R") dismissing Mrs. Johnson's amended complaint on summary judgement.  Mrs. Johnson filed objections, but the district court adopted the R&R.  Mrs. Johnson timely appealed.

## STANDARD OF REVIEW

This court reviews a district court's grant of summary judgment *de novo*, applying the same standards as the district court.  *Bluebonnet Hotel Ventures, L.L.C. v. Wells Fargo Bank, N.A.*, 754 F.3d 272, 275–76 (5th Cir. 2014).  Summary judgment is appropriate if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a).  A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "On a motion for summary judgment, [this Court] must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Deville v. Marcantel*, 567 F.3d 156, 163–64 (5th Cir. 2009).  Once the moving party has made an initial evidentiary showing that negates the existence of a genuine, material fact issue, the party opposing the motion must present competent summary judgment evidence of the existence of a genuine issue of fact.  Fed.

No. 15-50881

R. Civ. P. 56(e); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

## DISCUSSION

Mrs. Johnson appeals only her breach of contract claim and her fraudulent inducement claim.

### 1. Breach of the HECM Agreement

The HECM program was originally authorized by the Housing and Community Development Act of 1987, Pub. L. No. 100-242, 101 Stat, 1815 (1988), for the purpose of meeting "the special needs of elderly homeowners by reducing the effect of the economic hardship caused by the increasing costs of meeting health, housing and subsistence needs at a time of reduced income." 12 U.S.C. § 1715z-20(a). The HECM program meets this goal by allowing older homeowners to access their home equity without risking foreclosure, eviction, and homelessness. *Id.* at (j).

A HECM is first mortgage and it is the "reverse" of a traditional mortgage because the borrower is not required to make monthly or other periodic payments to repay the loan.[2]  12 U.S.C. § 1715z-20(b)(3). Instead, the loan balance increases over time and does not become due and payable until one of a number of specified events occurs. *See* 12 U.S.C. § 1715z-20(j).

The district court granted judgment against Mrs. Johnson's breach of contract claim[3] because (1) HUD regulations were not expressly incorporated

---

[2] Under the HECM program, the United States Government insures reverse mortgages originated by private lenders. The "contract of insurance" is defined as "the agreement evidenced by the issuance of a Mortgage Insurance Certificate or by the endorsement of the Commissioner upon the credit instrument given in connection with an insured mortgage, incorporating by reference the regulations in this subpart and the applicable provisions of the Act." 24 C.F.R. 203.251(j).

[3] To prevail on her breach of contract claim, Mrs. Johnson had to prove that: (1) a valid contract existed; (2) the plaintiff performed; (3) the defendant did not; and (4) the defendant's

4

in the parties' agreements and consequently could not form the basis of her claim; and (2) under express terms of the Note and deeds of trust, it was Mr. Johnson's burden to maintain lien priority.

On appeal, Mrs. Johnson first argues that Appellees violated the HUD regulations incorporated into the HECM agreement by failing to establish and maintain the priority of the HECM lien. *See* HUD Mortgagee Letter 2006-20 ("It is the mortgagee's responsibility to ensure that the first [private lender] and second [HUD] mortgages are the first and second liens of record, and that other liens do not intervene between the first and second mortgage.").

We now make explicit what we have held in unpublished, non-precedential opinions. HUD regulations govern the relationship between the reverse-mortgage lender and HUD as insurer of the loan. HUD regulations do not give the borrower a private cause of action unless the regulations are expressly incorporated into the lender-borrower agreement. *See Smith v. JPMorgan Chase Bank, N.A.*, 519 F. App'x 861, 864 (5th Cir. 2013) (holding that federal statutes and regulations can form the basis of a breach of contract claim if expressly incorporated into the contract); *Anderson v. Compass Bank,* No. H-14-0410, 2014 WL 5468132, at *5 (S.D. Tex. Oct. 28, 2014) (determining that a "general reference to 'federal laws' in a Deed of Trust, on which Plaintiffs rely, is insufficient to support their breach of contract claim."); *Chandler v. Wells Fargo Bank, N.A.*, No. 11-03831 SC, 2014 WL 31315, at *5–6 (N.D. Calif. Jan. 3, 2014), *aff'd* 2016 WL 758330 (9th Cir. 2016) (dismissing breach of contract claim, in part because the plaintiff could not identify "a particular provision of the HECM incorporating HUD regulations" and noting the

---

breach caused plaintiff injury. *See Wright v. Christian & Smith,* 950 S.W.2d 411, 412 (Tex. App.—Houston [1st Dist.] 1997, no writ).

reluctance of courts to incorporate HUD regulations into a contract unless the regulations are explicitly incorporated).

As Mrs. Johnson concedes in her brief, "the notes and the deeds of trust do not expressly require the lender to establish and assure lien priority at the time the loan is made . . . ." Lacking any evidence that the parties intended to incorporate into the HECM the specific HUD term at issue, Mrs. Johnson has no HUD-based claim.

Second, Mrs. Johnson asserts that under the implied terms of the deeds of trust, Appellees were responsible for ensuring the HECM's priority at its outset. By not paying off Baker's lien, Appellees jeopardized the HECM's priority because the increasing loan balance eroded the equity that would pay off Baker's lien, arguably giving her a right to foreclose. She adds that RMS admitted its failure to subordinate the Baker lien, as evidenced by a statement in RMS's title insurance claim form (referring to its failure to ensure clear title), and by RMS paralegal Pamela Grube's ("Grube") email informing Mr. Johnson that the Baker lien was a "major problem."

Contrary to Mrs. Johnson's assertion, the HECM does not contain an implied promise that the lender will assure first lien position at the outset of the loan. The HECM agreement states that the borrower covenants that the property is unencumbered, except for encumbrances of record. Under Paragraph 12(c), the HECM provides that "Borrower shall promptly discharge any lien which has priority over this Security Instrument . . . ." The provision continues that if Lender determines that any part of the Property is subject to a lien which may attain priority over the HECM, the Lender may give Borrower a notice identifying the lien, and "Borrower shall satisfy the lien or take [action] within 10 days . . . ." *Id.*

Not only does the contract contradict her contention, but as a matter of fact, the HECM held the position of a first lien at its inception. When the

No. 15-50881

HECM was originated, the 2001 prior lien was paid off ($251,349.75), and the HECM became equitably subrogated to that extent to the 2001 mortgage. *See LaSalle Bank Nat'l Ass'n v. White*, 246 S.W.3d 616, 620 (Tex. 2007) (discussing equitable subrogation, and noting that "[t]he doctrine allows a third party who discharges a lien upon the property of another to step into the original lienholder's shoes and assume the lienholder's right . . . .").

Moreover, if Baker's lien threatened to become prior to some portion of the HECM, it was arguably Mr. Johnson's responsibility under Paragraph 12(c) of the HECM to settle Baker's lien. Mr. Johnson received notice of the foreclosure from both Baker and RMS. RMS advised Mr. Johnson while he was travelling that if he wished to protect title to the Property, he should seek legal representation. RMS sought to protect its interest in the Property by challenging Baker's foreclosure in state court. Mr. Johnson, however, elected not to file his own lawsuit against Baker.

We acknowledge that one of the HECM's purposes is to allow homeowners to access their home equity without risking foreclosure of other liens. The foreclosure in this case, however, was not the result of the lender's breach of the HECM. Any damages suffered by Mrs. Johnson resulted from Baker's wrongful foreclosure[4] and from Mr. Johnson's inaction to protect his interest in the Property. Appellees could not have reasonably foreseen that Baker, who had no right to foreclose, would wrongfully do so. It would be unreasonable to hold that a party that has otherwise complied with the contract terms is liable for the independent wrongful act of a third-party.

Finally, RMS's alleged admissions do not create a fact issue on breach of contract. The statement made in RMS's insurance form—its failure to clear

---

[4] The fact that Baker believed that her lien's priority had been affected by the HECM does not make her belief actually true—the state court concluded that Baker's Trustee's Deed "is void and conveyed no title, right, or interest."

7

title—was premature and mistaken.  As the state trial court later found, Baker had no right to foreclose.  *See* n. 4.

Neither is Grube's email of any help to Mrs. Johnson.  In responding to Mr. Johnson's concerns about the Baker lien in July 2011, Grube stated that Baker's lien was a "major problem.  Indeed, Baker's lien was a "major problem" because Baker was using it to wrongfully foreclose.  But as we already held, Appellees are not liable for Baker's misconduct.  The district court's rejection of Mrs. Johnson's breach of contract claim was correct.

### 2.  Fraudulent Inducement

Because there is no evidence that the HECM was invalid or that Appellees breached any of the HECM's terms, Mrs. Johnson's fraudulent inducement claim is arguably moot.  Nevertheless, we address it for the benefit of the parties.  The elements of fraudulent inducement are the same as the elements for fraud, "plus the added element that the fraud related to an agreement between the parties."  *In re VNA Inc.*, 403 S.W.3d 483, 487 (Tex. App.—El Paso 2013, no pet).

> Under Texas law, the elements of fraud are (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.

*Lawrence v. Fed. Home Loan Mortg. Corp.*, 808 F.3d 670, 674 (5th Cir. 2015). A fraudulent inducement claim can also be based on the failure to disclose a material fact.  *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 435 (Tex. 1986).

The magistrate judge concluded that an email, written by Mr. Johnson two years after the HECM was issued, was insufficient to create a fact issue,

especially because it did not identify who made the representation or what the representation was. The email, addressed to Grube, states: "When I made [the] application for the reverse mortgage, [WAF] representative Robert Blennau, copied here, and I addressed this factor [the Baker lien], which didn't seem to be an issue when I got the mortgage. Now, two years later, it seems to be."

Mrs. Johnson contends that it can be reasonably inferred from the email that Blennau misrepresented to Mr. Johnson that the Baker lien was not a problem. She further contends that WAF admits that the HECM should not have been issued without first settling the Baker lien. WAF representative Michele Grecco testified by deposition in this suit that WAF would not have issued the HECM without first settling the Baker lien. Because WAF was aware of the Baker lien and the problem it created, but declined to disclose the issue to Mr. Johnson, he was allegedly fraudulently induced into the HECM.

Accepting as true that (1) Blennau was aware of Baker's lien, (2) Blennau told Johnson that Baker's lien would not be an issue, and (3) WAF, in retrospect, would not have entered into the HECM without settling Baker's lien, Mrs. Johnson has failed to create a material fact issue. First, for reasons previously stated, Baker was not entitled to foreclose. Therefore, no reasonable fact finder could conclude that Blennau's alleged statement to Mr. Johnson constitutes a material misrepresentation.

Second, Grecco's testimony that WAF would not have entered into the HECM without initially settling Baker's lien is irrelevant. Grecco was not involved in the HECM transaction. She was a WAF representative who reviewed the transaction years later. Perhaps it would have been ideal for all the parties to satisfy Baker's owelty lien at the outset, but the fact that it did not happen that way is not indicative of fraudulent inducement. It remains true that the HECM was superior to Baker's lien because of equitable subrogation, and the HECM could be issued even if there was an existing lien

on the property.[5]    Therefore, Grecco's Monday morning quarterback commentary does not create a fact issue as to whether Mr. Johnson was fraudulently induced into entering the HECM.

We hold that on this record, no question of fact exists as to a false representation by WAF or as to a failure to disclose a material fact at the HECM's inception.  *See Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 153 (Tex. 2015) (fraudulent inducement "involves the promise of future performance made with no intention of performing at the time it was made.").

## CONCLUSION

For these reasons, the district court's judgment dismissing Mrs. Johnson's claims is **AFFIRMED**.

---

[5] U.S. Department of Housing and Urban Development letter dated August 16, 2006, to all FHA approved mortgagees providing, "The Mortgagee letter clarifies and reiterates that under the Home Equity Conversion Mortgage (HECM) Program the Federal Housing Administration (FHA) permits existing liens to be subordinated to the first and second HECM Liens."