NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**XIAOHUA HUANG,**

*Plaintiff-Appellant*

**v.**

**HUAWEI TECHNOLOGIES CO., LTD.,**

*Defendant-Appellee*

---

2019-1726

---

Appeal from the United States District Court for the Eastern District of Texas in No. 2:16-cv-00947-JRG-RSP, Judge J. Rodney Gilstrap.

---

Decided: October 9, 2019

---

XIAOHUA HUANG, Los Gatos, CA, pro se.

SCOTT W. BREEDLOVE, Carter Arnett, PLLC, Dallas, TX, for defendant-appellee. Also represented by E. LEON CARTER.

---

Before PROST, *Chief Judge,* MOORE and WALLACH, *Circuit Judges.*

PER CURIAM.

Xiaohua Huang appeals a decision of the United States District Court for the Eastern District of Texas granting summary judgment in favor of Huawei Technologies Co. Ltd. ("Huawei"). *See Huang v. Huawei Techs. Co.*, No. 16-CV-00947-JRG-RSP, 2019 WL 1246260 (E.D. Tex. Feb. 12, 2019), *report and recommendation adopted*, No. 16-CV-00947-JRG-RSP, 2019 WL 1239433 (E.D. Tex. Mar. 18, 2019). Mr. Huang also appeals an order of the district court denying his motion to transfer. *See* J.A. 115–17. Because the district court did not abuse its discretion in denying Mr. Huang's motion to transfer and because Mr. Huang's claims are barred by claim preclusion and the *Kessler* doctrine, we *affirm*.

BACKGROUND

Mr. Huang filed a first lawsuit against Huawei in the Eastern District of Texas on August 14, 2015. *Huang v. Huawei Techs. Co.*, 2:15-cv-1413-JRG-RSP (E.D. Tex. Aug. 14, 2015) ("Case 1"). He alleged that Huawei products containing certain third-party chips infringed U.S. Patent Nos. RE 45,259, 6,744,653, and 6,999,331.

On June 1, 2016, Mr. Huang moved for leave to amend his December 1, 2015 infringement contentions. He sought to add dozens of new accused products and product families. The district court denied his motion.

Mr. Huang then filed the present action in the Eastern District of Texas. *Huang v. Huawei Techs. Co.*, 2:16-cv-00947-JRG-RSP (E.D. Tex. Aug. 26, 2016) ("Case 2"). He alleged infringement of the patents asserted in Case 1 by the products he had attempted to add to Case 1.

Meanwhile, the court granted summary judgment of noninfringement in Case 1. Mr. Huang appealed.

Huawei then moved for summary judgment in Case 2 based on claim preclusion and the *Kessler* doctrine, *Kessler*

*v. Eldred*, 206 U.S. 285 (1907). The district court stayed Case 2 pending the resolution of Mr. Huang's appeal in Case 1. On June 8, 2018, this Court affirmed the district court's grant of summary judgment in Case 1. *Huang v. Huawei Techs. Co.*, 735 F. App'x 715, 722 (Fed. Cir. 2018), *cert. denied*, 139 S. Ct. 2623 (2019). Following that decision, Mr. Huang moved to transfer venue in Case 2 to the Northern District of California. After lifting the stay, the district court denied that motion. Then, finding that the Case 2 accused products are "essentially the same" as those accused in Case 1, the district court entered summary judgment for Huawei based on claim preclusion.

Mr. Huang appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1). For the reasons stated below, we hold that the district court did not abuse its discretion when it denied Mr. Huang's motion to transfer venue and did not err in deciding that Mr. Huang is precluded from pursuing his claims of infringement in Case 2.

DISCUSSION

I

We review a district court's ruling on a motion to transfer venue under 28 U.S.C. § 1404 under the law of the regional circuit, in this case the Fifth Circuit. *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1222–23 (Fed. Cir. 2011). In the Fifth Circuit, the decision whether to transfer venue under § 1404 is reviewed for abuse of discretion. *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). An abuse of discretion may be found where the district court's decision relies on an erroneous view of the law or on a clearly erroneous view of the evidence. *Esmark Apparel, Inc. v. James*, 10 F.3d 1156, 1163 (5th Cir. 1994).

Section 1404 grants the district court discretion to transfer a case "[f]or the convenience of parties and witnesses" and "in the interest of justice." Mr. Huang argues that transfer was proper because it was both in the interest

of justice and more convenient. Neither argument has merit. First, he alleges that Huawei had undue influence over the proceedings in the Eastern District of Texas. He claims that Huawei "retained the lawyers having interest conflict[s] with the Judge to avoid paying the royalty." Appellant's Br. at 70. Mr. Huang proffers no evidence of the alleged conflict.

Second, Mr. Huang argues that the Northern District of California would be more convenient based on the parties' presence there. *Id.* at 68. Mr. Huang chose, however, to file in the Eastern District of Texas despite residing in California. J.A. at 116. Mr. Huang's decision weighs heavily against any argument that the Eastern District of Texas is inconvenient. Neither of Mr. Huang's arguments evidence an erroneous view of the law or clearly erroneous view of the evidence by the district court. Thus, we do not find an abuse of discretion in the district court's denial of Mr. Huang's motion.

## II

We review a district court's grant of summary judgment under the law of the regional circuit. *Mohsenzadeh v. Lee*, 790 F.3d 1377, 1381 (Fed. Cir. 2015). The Fifth Circuit reviews grants of summary judgment *de novo*. *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 338 (5th Cir. 2005). Summary judgment is appropriate where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016). A dispute is genuine if a reasonable fact finder could find for the nonmoving party. *Id.*

The district court granted summary judgment in favor of Huawei because Huang's claims were barred by claim preclusion. Whether a cause of action is barred by claim preclusion is a question of law, which we review *de novo*, applying the law of the regional circuit. *SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1165 (Fed. Cir. 2018). The test

for claim preclusion in the Fifth Circuit has four elements: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Duffie v. United States*, 600 F.3d 362, 372 (5th Cir. 2010).

Because the parties are identical, the judgment in the prior case was rendered by a court of competent jurisdiction, and the earlier judgment is final, the parties' dispute centers on the fourth element of claim preclusion, whether the same cause of action is involved in both suits. We apply our own law to resolve whether two patent causes of action are the same. *Senju Pharm. Co. v. Apotex Inc.*, 746 F.3d 1344, 1348 (Fed. Cir. 2014).

Claim preclusion in a patent case typically exists when a patentee attempts to assert the same patent against the same party and the same subject matter. *Id.* Subject matter is the same for claim preclusion purposes if the earlier accused devices and the devices accused in the current action are "essentially the same." *Foster v. Hallco Mfg. Co.*, 947 F.2d 469, 479–80 (Fed. Cir. 1991). Devices are "essentially the same" if they are "materially identical." *Nystrom v. Trex Co.*, 580 F.3d 1281, 1285–86 (Fed. Cir. 2009).

Here, the district court found that there was no genuine dispute that the accused devices in Case 1 and Case 2 are essentially the same. *See Huang*, 2019 WL 1246260, at *5. We agree. A comparison of the infringement charts filed in each case reveals that the charts are identical, mapping each other word-for-word. Any alleged difference between the accused products in each case is therefore unrelated to the limitations in the claim of the patents. *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1324 (Fed. Cir.

2008). Thus, the Case 2 chips are essentially the same as the Case 1 chips for purposes of claim preclusion.[1]

CONCLUSION

We have considered Mr. Huang's remaining arguments, but find them unpersuasive. For the foregoing reasons, we *affirm* the district court's denial of Mr. Huang's request to transfer venue and grant of summary judgment.

**AFFIRMED**

COSTS

No costs.

---

[1] As for post-judgment activity, the district court findings that the Case 1 and Case 2 chips are essentially the same and its finding of non-infringement in Case 1, suffice to preclude the claims at issue. *See Brain Life*, 746 F.3d at 1056–57 (citing *Kessler*, 206 U.S. at 285–89).