# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 14, 2022

Lyle W. Cayce
Clerk

No. 20-40540

---

JACQUELINE CORTEZ-BURLINGAME, *Individually and as the Representative of the Estate of Jorge "George" Luis Cortez*; ESTATE OF JORGE "GEORGE" LUIS CORTEZ; JENNY ESPINOZA; AMELIA M. CORTEZ,

*Plaintiffs—Appellants*,

*versus*

GALVESTON COUNTY; HENRY TROCHESSET, *in his Individual Capacity*; MARY JOHNSON, IN HER INDIVIDUAL CAPACITY; BOON-CHAPMAN BENEFIT ADMINISTRATORS, INCORPORATED; SOLUTA HEALTH, INCORPORATED; KATHY WHITE, REGISTERED NURSE, *in her Individual Capacity, also known as* KATHY JEAN JORDAN; GARRY KILLYON, *in his Individual Capacity*; KIMBERLY BOYKINS, *in her Individual Capacity*; JOHN DOE JAILERS 1-25, *in their Individual Capacities*; JOHN DOE POLICYMAKERS 1-25, *in their Individual Capacities*; DOE MEDICAL PROVIDERS 1-25, IN THEIR INDIVIDUAL CAPACITIES; DR. GARY BEACH,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:18-CV-183

---

Before DENNIS, ELROD, and DUNCAN, *Circuit Judges*.

Per Curiam:*

Jorge Cortez died in the hospital following incarceration at the Galveston County Jail.  As a result of Cortez's death, his estate and several family members (collectively "Plaintiffs") brought suit against Galveston County, Sheriff Henry Trochesset, and several medical providers who worked at the Galveston County Jail (collectively "Defendants"), arguing, *inter alia*, that Defendants' medical treatment of Cortez while he was incarcerated at the jail had been deliberately indifferent in violation of his constitutional rights.  The district court dismissed all of Plaintiffs' federal claims at the summary judgment stage, adopting the magistrate judge's report and recommendation and holding that Plaintiffs failed to raise a triable issue of fact that Defendants acted with deliberate indifference.  Because we agree with the district court that Plaintiffs failed raise a material issue of fact as to whether Cortez's constitutional rights were violated by failing to adequately plead that Defendants acted with deliberate indifference, we AFFIRM.

## I.

On April 7, 2017, Jorge Cortez, then fifty-six, was taken into the custody of Galveston County Jail following a parole violation, pending placement in a drug treatment facility.  At this time, unbeknownst to Cortez, or anyone, he was already suffering from advanced mesothelioma, an aggressive lung cancer.  Between April 7 and May 31, Cortez was seen by medical personnel at the jail at least thirteen times.  On May 31, Cortez was taken by ambulance to the University of Texas Medical Branch at Galveston.  After twenty-four days in the hospital, Cortez was diagnosed with

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

mesothelioma. He died as a result of complications from this disease on June 23.

As a result, Plaintiffs filed this suit arguing that Defendants' medical treatment of Cortez while he was incarcerated at the jail had been deliberately indifferent to Cortez's serious medical needs in violation of his Eighth Amendment constitutional rights. They also advanced urging both governmental and supervisory liability claims, as well as claims under state law. The district court dismissed all of Plaintiffs' federal claims at the summary judgment stage, adopting the magistrate judge's report and recommendation and holding that Plaintiffs had failed to raise a triable issue of fact that Defendants acted with deliberate indifference and, in the alternative, that Plaintiffs' wrongful death claim was barred by Texas state law's 50% survival doctrine. Having disposed of Plaintiffs' federal claims, the district court declined to exercise pendant jurisdiction over Plaintiffs' state law claims.[1] Plaintiffs now appeal to this court, arguing that the district court erred in granting summary judgment to Defendants.

## II.

This court reviews a summary judgment ruling de novo, applying the same standards as the district court, *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016), viewing the facts in the light most favorable to the non-moving party, and drawing all reasonable inferences in its favor, *Deville v. Marcantel,* 567 F.3d 156, 163–64 (5th Cir. 2009). Summary judgment should be granted only when there is "no genuine dispute [for] any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see, e.g.*, *Celtic Marine Corp. v. James C. Justice Cos. Inc.*, 760

---

[1] Plaintiffs do not challenge the district court's refusal to exercise pendant jurisdiction over his state law claims on appeal.

F.3d 477, 481 (5th Cir. 2014). "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). "[T]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Even when the facts are not in dispute, summary judgment should be denied if competing inferences can be drawn from the undisputed facts on material issues. *See Hunt v. Cromartie*, 526 U.S. 541, 552–53 (1999) (holding that where reasonable inferences from undisputed facts can be drawn in favor of either party, it is an error for the district court to resolve a disputed fact at the summary judgment stage).

But where, as here, the nonmovant has the burden of proof at trial, the movant may shift the summary judgment burden to the nonmovant with an allegation that the nonmovant has failed to establish an element essential to that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Defendants therefore shifted the summary judgment burden to Plaintiffs when they pointed out that there was no evidence of deliberate indifference. *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017). Thus, to survive summary judgment, Plaintiffs were required to present evidence creating a genuine issue of material fact regarding deliberate indifference. *Ibid.*

## III.

To successfully allege a 42 U.S.C. § 1983 claim under the Eighth Amendment's prohibition against cruel and unusual punishment, Plaintiffs must have plausibly pleaded that a government official or officials acted with deliberate indifference to Cortez's medical needs. *See Domino v. Tex. Dept.*

*of Criminal Justice*, 239 F.3d 752, 754 (5th Cir. 2001). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs [because it] is only such indifference that can offend evolving standards of decency in violation of the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations omitted). This is an "extremely high standard to meet." *Domino*, 239 F.3d at 756. A prison official cannot be liable under the Eighth Amendment for deliberate indifference unless "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

We agree with the district court that Plaintiffs failed to carry their burden of creating a genuine issue of material fact regarding any Defendant's deliberate indifference to Cortez's medical needs. Negligent or inadequate medical treatment does not give rise to an Eighth Amendment violation. *Gamble*, 429 U.S. at 106 (1976). "Unsuccessful medical treatment, acts of negligence, or [even] medical malpractice do not constitute deliberate indifference. . . ." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). The plaintiff must show the defendant's "actual knowledge and conscious disregard of the risk of harm to the plaintiff[, which] cannot be inferred from a prison official's mere failure to act reasonably [or] from negligence alone." *Lawson v. Dallas County*, 286 F.3d 257, 262–63 (5th Cir. 2002). Here, Plaintiffs submitted a doctor's affidavit attesting that "[a] simple chest X-ray . . . would have allowed jail medical staff to discover" that Cortez needed emergency medical care, and that if Cortez "had arrived at the hospital just 10 days sooner" the risks would have been "much less[.]" But even taking these facts as true, Plaintiffs presented no evidence tending to show that any defendant had actual knowledge of or consciously disregarded the risk of

No. 20-40540

harm to Cortez. As the district court explained, "[a]t its core, Plaintiffs' real complaint is that Defendants did not provide Cortez with the proper medical treatment and failed to timely diagnose his true medical condition." While the care Cortez received may have been negligent,[2] he fails to create the requisite genuine issue of material fact as to deliberate indifference. Accordingly, the district court did not err in dismissing Plaintiffs' deliberate indifference claims at the summary judgment stage.

## IV.

Plaintiffs also argue that the district court erred in finding that Defendants' policy of allowing inmates a bottom bunk assignment only with a doctor's recommendation was not deliberately indifferent. Plaintiffs argue that this policy is deliberately indifferent because it serves no legitimate government interest. *Id.*; *see Sanchez v. Young Cnty., Tex.*, 956 F.3d 785, 791 (5th Cir. 2020) (holding that, for a conditions-of-confinement claim, a plaintiff must show that a rule, practice, act or omission caused a constitutional violation, and the conduct was not reasonably related to a legitimate government objective.) However, Defendants point out that "[m]edical staff rely upon 'bottom bunk' criteria to allow bottom bunks to be assigned to those who medically need one. . . . This policy ensures bunks are available as needed." This presents a legitimate government interest. Accordingly, the district court did not err in granting summary judgment to Defendants on this claim.

---

[2] Even Defendants' doctor-expert stated that, if a patient of his had presented with the symptoms Cortez complained of, he would "probably get lab work and imaging[,]" though the expert was clear that he was not of the opinion that the care Cortez received amounted to malpractice.

No. 20-40540

## V.

Finally, Plaintiffs allege that Defendants failed to preserve all videos of Cortez while in jail, and that this failure raises questions about the credibility of Defendants' proffered evidence. Accordingly, Plaintiffs argue that a jury could conclude that "there are credibility issue[s] based on the inaccurate and missing records[,]" and that this precludes summary judgment. Defendants argue that Plaintiffs waived this argument by failing to include it in their brief in opposition to summary judgment, though they did make this argument in their objections to the Magistrate's report and recommendation. In turn, Plaintiffs argue that *this* argument is waived because Defendants did not make it in responding to their objections to the Magistrate's report and recommendations.

Assuming without deciding that neither of these arguments is waived, Plaintiffs did not present any evidence that Defendants failed to produce any available video evidence; they simply reject, in a conclusory fashion, Defendants' contention that the footage they did provide was all that was available, and claim that the withheld video evidence was "relevant to show that [Cortez] did not receive the care Defendants claimed and to support his claims of deliberate indifference to serious medical needs and other issues" and that "[v]ideos of the clinic area and hallways would conclusively prove [Plaintiffs'] contentions that crucial medical care did not occur and that jail fabricated jail clinic medical records." Absent any evidence of that the government has withheld any relevant existent footage, we find no error in the district court's grant of summary judgment to Defendants.

## VI.

For the foregoing reasons, we AFFIRM.

7