# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2023

Lyle W. Cayce
Clerk

———

No. 22-20312

———

Rachael Crivelli,

*Plaintiff—Appellant*,

*versus*

Montgomery County Emergency Services District
Number 7,

*Defendant—Appellee*.

———

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-1990

———

Before King, Jones, and Duncan, *Circuit Judges*.

Per Curiam:*

Rachael Crivelli brought this suit against her former employer, Montgomery County Emergency Services District No. 7 ("MCESD7"), for discrimination under Title VII. She alleged (1) that MCESD7 retaliated against her for complaining about a former fire chief's sexist comments,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

(2) that after she failed a fitness test, MCESD7 terminated her because of her sex, and (3) that MCESD7 engaged in retaliatory sabotage of her post-termination employment. The district court entered a thorough order granting summary judgment for MCESD7. Crivelli appeals, focusing solely on her second allegation. We AFFIRM.

## I. Background

Crivelli was a firefighter at MCESD7. In 2017, MCESD7 hired Howard Rinewalt as its Chief of Firefighting. Chief Rinewalt quickly promoted Crivelli to Captain—the first time a woman had attained that rank in the history of Montgomery County.

Shortly after taking office, Chief Rinewalt changed MCESD7's physical fitness assessment. Before, the assessment had involved activities such as climbing ladders, carrying dummies, and dragging hoses. Chief Rinewalt redesigned the assessment to closely mirror the United States Navy's Physical Fitness Standard. Firefighters were required to perform three exercises: sit-ups, push-ups, and either a timed run or a timed rowing exercise. The new assessment is age- and gender-adjusted. For example, 31-year-old Crivelli was required to do 13 push-ups; a man of her age would have been expected to do 35.

The gravamen of Crivelli's complaint is that she was terminated for repeatedly failing the new physical fitness assessment. Four other individuals never managed to pass the test. All were men, and all were terminated or resigned. Every woman but Crivelli passed the test on their first try, for a pass rate of 80%; the pass rate for men was 77%.

## II. Standard of Review

"This court reviews a district court's grant of summary judgment *de novo*, applying the same standards as the district court." *Johnson v. World*

*All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016).  Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A genuine dispute as to material fact arises when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).  And the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255, 2513.

## III. Discussion

Title VII of the Civil Rights Act of 1964 makes it unlawful to "discharge any individual . . . because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1).  Such discrimination "can be established through either direct or circumstantial evidence." *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003).  Where, as here, the plaintiff relies on circumstantial evidence, courts apply the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973).  First, the plaintiff must make a prima facie case of discrimination.  *Id.* at 802, 1824.  Then the burden shifts "to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *Id.*  If the employer does so, the plaintiff must prove that the reason was pretext for discrimination.  *Id.* at 804, 1825.

To make a prima facie case of discrimination, an employee must demonstrate that she (1) is a member of a protected class; (2) was qualified for the position at issue; (3) suffered an adverse employment action; and (4) others similarly situated but outside the protected class were treated more favorably in nearly identical circumstances.  *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 997–98 (5th Cir. 2022).

The district court granted summary judgment on the second and fourth factors, finding that Crivelli was not qualified for the position and was not treated less favorably than male firefighters in nearly identical circumstances. She challenges both findings.

Because she failed MCESD7's physical fitness assessment, Crivelli was not qualified for the position at issue. It is true that she has significant experience in firefighting, as well as many certifications and training experiences. Yet as the district court correctly noted, qualifications are an employer's prerogative. *Johnson v. Louisiana*, 351 F.3d 616, 622 (5th Cir. 2003) ("An employer may establish job requirements, and rely on them in arguing that a prima facie case is not established because the employee is not 'qualified.'"). MCESD7 was free to establish new physical assessment standards and require its employees meet those standards.

Crivelli argues that the new physical fitness assessment was not a "business necessity," *see Griggs v. Duke Power Co.*, 401 U.S. 424, 431, 91 S. Ct. 849, 853 (1971), and that the old assessment more closely measured the physical capabilities necessary in her line of work. But this argument confuses the standard for disparate-treatment claims, like the one brought here, with the standard for disparate-impact claims like the one in *Griggs*. *See Ricci v. DeStefano*, 557 U.S. 557, 577–78, 129 S. Ct. 2658, 2672–73 (2009). In disparate-treatment cases, the plaintiff bears the burden of making a prima facie case of discrimination, which includes showing that she has the requisite qualifications. *McDonnell Douglas*, 411 U.S. at 802. In disparate impact cases, the plaintiff must instead show a statistical disparity caused by some employment practice. *Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 658, 109 S. Ct. 2115, 2125 (1989). Once a disparity is shown, the employer "carries the burden of producing evidence of a business justification for his employment practice." *Id.* at 659, 2126. Crivelli has not brought a disparate-impact claim, and has not shown a statistical disparity that would give rise to

such a claim. This court thus has no grounds to indulge in judicial second-guessing of MCESD7's business decisions. *Walton v. Bisco Indus., Inc.*, 119 F.3d 368, 372 (5th Cir. 1997).

Crivelli attempts to show that she was treated less favorably than similarly situated male firefighters by pointing to several modifications that Chief Rinewalt made to the Navy's Physical Fitness Standard. He allowed the use of footboards for the sit-up portion of the test and allowed rowing exercises to substitute for the 1.5 mile run. Both modifications were made due to requests made by male firefighters. Crivelli argues that, because the Chief made these modifications, he should have also modified the test to allow her to do what she called "girl" push-ups—push-ups with knees touching the ground—in lieu of the regular push-up requirement. Further, she alleges that some of the men's tests were overseen by other male firefighters, but that her test was overseen by a Crossfit trainer, another allegedly discriminatory difference.

These criticisms miss the mark. This court requires plaintiffs to demonstrate that they were treated less favorably than similarly situated employees under "nearly identical circumstances." *Saketkoo*, 31 F.4th at 998. But there is no evidence that MCESD7 refused to let Crivelli take advantage of footboards or the rowing exercise option, which would be the relevant nearly identical circumstance. There is only evidence that Chief Rinewalt allowed some modifications to the test and refused others. It was within his purview to decide whether to modify the traditional push-up requirement of the Navy test, and he declined to do so. Even so, Chief Rinewalt did make other allowances for Crivelli: the record shows that she was given five chances to pass the assessment, two more than the written policy authorized, and more than any other firefighter was given. Finally, there is only evidence that one male employee had his test overseen by another male firefighter instead of a third party. That testee, however, was a

No. 22-20312

part-time worker with a scheduling conflict that prevented him from testing during normal business hours.  His case is therefore not "nearly identical" to Crivelli's.  *See Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009) (holding that similarly situated employees must have "the same job or responsibilities").

## IV. Conclusion

For the foregoing reasons, we find no reversible error of law or fact and affirm essentially for the reasons stated in the comprehensive order of the district court.  The judgment of the district court is AFFIRMED.