# United States Court of Appeals for the Fifth Circuit

---

No. 23-10221

---

United States Court of Appeals
Fifth Circuit

**FILED**

September 26, 2023

Lyle W. Cayce
Clerk

Paul Stafford; Telea J. Stafford,

*Plaintiffs—Appellants*,

*versus*

Wilmington Trust National Association, *Not In Its Individual Capacity, But Solely as Trustee for* MFRA Trust 2014-2; Fay Servicing, L.L.C.,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-3029

---

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Paul and Telea Stafford breached a mortgage agreement with Wilmington Trust and Fay Servicing (jointly "Wilmington"). The Staffords thought Wilmington was also in breach, so they sued to prevent it from foreclosing on their home (the first lawsuit). Wilmington countered with a breach of contract claim and sought judicial authorization to foreclose. The

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10221

parties discussed settlement for six months, but their negotiations fell through, and the district court eventually granted summary judgment to Wilmington. Before Wilmington could proceed with foreclosure, the Staffords brought this second lawsuit asserting eight claims and seeking an emergency stay of the foreclosure. The district court denied the stay request, but the Staffords pressed on with their other claims. On the Staffords' telling, they reached an agreement with Wilmington to modify their loan agreement before the court entered judgment in the first lawsuit, and Wilmington breached that agreement by attempting to foreclose.

The magistrate judge recommended granting summary judgment for Wilmington on all of the Staffords' claims because they are barred by *res judicata*. The district court adopted the report and recommendation, and the Staffords timely appealed. We review a district court's grant of summary judgment *de novo*. *See Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016).

We agree with the *res judicata* analysis in the report and recommendation adopted by the district court. Under our pragmatic transactional test for claim identification, the Staffords raise the same claim here that they raised in their first lawsuit against Wilmington. *See Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (noting that *res judicata* "bars the litigation of claims that . . . should have been raised in an earlier suit"). All eight of the Staffords' claims in this lawsuit are predicated on the theory that Wilmington's foreclosure breached an agreement the parties reached during the first lawsuit. But assuming there was such an agreement, the Staffords should have raised it as a defense in the first lawsuit. And since the first lawsuit involved the same parties and ended with a final judgment on the merits entered by a court of competent jurisdiction, all our *res judicata* requirements are met. *See Ellis v. Amex Life*

No. 23-10221

*Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000). The Staffords' claims are accordingly foreclosed.

AFFIRMED.