In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-21-00058-CV

_____

## FRANK ROBERTS AND MEGAN ROBERTS, Appellants

## V.

## LOANCARE, LLC, AMERICAN FINANCIAL RESOURCES, INC., HRL PROCUREMENT, LLC, AND CLAY SIBLEY, Appellees

On Appeal from the 40th District Court
Ellis County, Texas
Trial Cause No. 96221

## MEMORANDUM OPINION

Appellants Frank and Megan Roberts (the Roberts) appeal the foreclosure and sale of their home in Waxahachie, Texas.[1] In several issues on appeal, the Roberts challenge the trial court's granting of a traditional and no evidence summary judgment in favor of LoanCare, LLC, American Financial Resources, Inc. (AFR),

---

[1] This case was transferred to this Court from the Tenth Court of Appeals in Waco, Texas, pursuant to a docket equalization order. *See* Tex. Gov't Code Ann. § 73.001.

HRL Procurement, LLC (HRL), and Clay Sibley. AFR is the mortgagee for the Roberts' home and LoanCare is AFR's servicing agent. HRL and Sibley are the purchasers of the Roberts' home at the foreclosure sale. LoanCare and AFR jointly filed a motion for traditional and no evidence summary judgment, which the trial court granted. HRL and Sibley also jointly filed a separate motion for traditional and no evidence summary judgment and the trial court granted their motion.

## I. Factual Background

In June 2015, the Roberts purchased a home in Waxahachie, Texas for $246,105.00. Initially their loan for the home was financed through MUSA Financial LLC through an FHA loan. The loan required the Roberts to repay the loan over a thirty-year term, at a 4.5% annual interest rate, with a monthly payment of $1,246.98. A copy of this original loan was attached to the Roberts' second amended verified petition. Within one month, the loan was transferred to AFR as the new mortgagee. The loan was owned by AFR, and LoanCare has acted as AFR'S servicing agent on the loan since August 2015. In September 2016, Megan Roberts contacted AFR to discuss her loan payment which she believed was "high." AFR told the Roberts to fill out a packet of documents necessary for lowering the monthly payment. By November 2016, the Roberts had fallen behind on their mortgage payments and they completed and returned their loan modification packet to AFR to "prevent a foreclosure." In December 2016, the Roberts began to receive foreclosure

2

notifications in the mail. They were informed by AFR that they must make full payments on the remaining balance of the loan, and that partial payments would not be accepted. The Roberts did not have the money to pay the full balance on the loan.

In January 2017, Megan contacted AFR stating that they could raise the entire amount of the remaining balance on the loan but requested more time to gather the full payment amount. According to the Roberts, AFR never confirmed they would accept this proposal. In February 2017, AFR notified the Roberts that it had initiated the foreclosure proceedings and informed the Roberts that if they wanted to discuss the foreclosure proceedings going forward, they would need to speak to AFR's foreclosure attorneys. The Roberts contacted the foreclosure attorneys and were informed that they would need to tender the full amount of the remaining balance to stop the foreclosure proceedings. In March 2017, AFR provided the Roberts with a new reinstatement amount for the loan. But according to the Roberts, when they tried to discuss the reinstatement, AFR referred them to their foreclosure attorneys, and the foreclosure attorneys referred them back to AFR. The Roberts then reached out to a separate company the Roberts claim AFR recommended to help modify the loan. The Roberts state in their first amended petition that the company "assured" them they could stop the foreclosure if the loan modification were approved by AFR. The Roberts faxed modification paperwork and a cashier's check to the company.

3

According to Megan, the company representatives "stated that their file showed AFR accepted the modification request and had stopped the foreclosure."

On April 4, 2017, AFR and LoanCare foreclosed on the Roberts' property and sold the property to HRL and Sibley at a trustee sale. The Roberts were noticed the next day that HRL owned the home and if the Roberts failed to respond, HRL would take legal action. When HRL attempted to evict the Roberts from the property, the Roberts filed legal action.

## II. Procedural History of Underlying Suit

In May 2017, the Roberts filed their verified original petition, request for disclosure, and application for temporary restraining order. The petition named LoanCare, AFR, MAFG, AND HFL as defendants. In June 2017, the Roberts filed their first amended verified petition, request for disclosure, and application for temporary restraining order adding Sibley as a defendant. In their third amended verified petition, the live petition at the time the trial court granted summary judgment in favor of AFR and LoanCare, the Roberts allege breach of contract, violations of the Texas Debt Collection Act, unjust enrichment, and a suit to set aside the foreclosure sale and cancel the trustee's deed. Against HRL and Sibley, the Roberts assert a suit to quiet title and trespass to try title.[2] The Roberts filed a

---

[2] The Roberts do not appeal any issues regarding MAFG.

4

traditional motion for summary judgment. AFR and LoanCare responded and jointly sought a traditional and no evidence summary judgment.

In October 2019, the Roberts filed a motion for leave to file their fourth amended petition arguing that in the course of discovery they discovered that LoanCare and AFR violated the Texas Property Code, and they requested "the Court grant Plaintiffs leave to amend their pleadings to include additional theories of recovery under breach of contract, TDCA and a claim for wrongful eviction." LoanCare and AFR filed objections to their motion for leave to amend arguing that the Roberts had access to this discovery for three years or, in the alternative, they waited almost two months after the actual discovery to seek to amend, and the alleged discovery would not, in any event support the new causes of action sought to be added in plaintiffs' proposed fourth amended petition. LoanCare and AFR also filed objections to the Roberts' motion for traditional summary judgment and a reply in support of their traditional and no evidence summary judgment.

On December 11, 2019, the trial court granted LoanCare and AFR's motion for traditional and no evidence summary judgment and dismissed all of Roberts' claims against LoanCare and AFR with prejudice. On the same day, the trial court denied the Roberts' motion for leave to file a fourth amended petition.

In January 2020, HRL and Sibley filed a joint traditional and no evidence motion for summary judgment, to which the Roberts filed a response. HRL and

Sibley then filed an amended traditional and no evidence motion for summary judgment. Over a year later, after several additional documents were filed by both sides, the trial court granted HRL and Sibley's traditional and no evidence motion for summary judgment.

The Roberts then appealed both summary judgments. In their notice of appeal, the Roberts stated the "Plaintiffs desire to appeal from the (l) Order Denying Plaintiffs' Motion for Leave to Amend Petition signed by this Court on December 11, 2019, (2) Order Granting Defendants LoanCare, LLC and American Financial Resources, Inc.'s Traditional and No Evidence Motion for Summary Judgment signed by this Court on December 11, 2019, and (3) Final Summary Judgment in Favor of Defendants HRL Procurement and Clay Sibley signed by this Court on February 5, 2021."

### III. Claims Against LoanCare and AFR

**A. Issue One – Amended Petition**

In their first issue, the Roberts argue that the trial court erred when it denied their motion for leave to file a fourth amended petition adding claims for "breach of contract and [Texas Debt Collection Act] claims and their new wrongful eviction." Specifically, the Roberts contend that the leave should have been granted because the appellees failed to demonstrate surprise, because the documents came from the appellees and were not received by the Roberts until August 30, 2019, past the

6

deadline to amend pleadings. Finally, the Roberts state their claim for wrongful eviction did not accrue until the actual eviction of the Roberts took place in October 2019.

## 1. Standard of Review

When a party seeks to amend its pleading after the date established by a scheduling order, the movant must seek leave from the court. Tex. R. Civ. P. 63. Under Rule 63, "a trial court has no discretion to refuse an amendment unless: 1) the opposing party presents evidence of surprise or prejudice; or 2) the amendment asserts a new cause of action or defense, and thus is prejudicial on its face, and the opposing party objects to the amendment." *See Greenhalgh v. Serv. Lloyds Ins. Co.*, 787 S.W.2d 938, 939 (Tex. 1990) (citations omitted). An amendment that is prejudicial on its face has three defining characteristics: (1) it asserts a new substantive matter that reshapes the nature of trial itself; (2) the opposing party could not have anticipated the new matter in light of the development of the case up to the time the amendment was requested; and (3) the amendment would detrimentally affect the opposing party's presentation of the case. *Halmos v. Bombardier Aerospace Corp.*, 314 S.W.3d 606, 623 (Tex. App.—Dallas 2010, no pet.) (citing *Smith Detective Agency & Nightwatch Serv., Inc. v. Stanley Smith Sec., Inc.*, 938 S.W.2d 743, 749 (Tex. App.—Dallas 1996, writ denied)).

## 2. Analysis

In its July 8, 2019 docket control order, the trial court set an amended pleading deadline for 120 days before the trial setting of December 16, 2019. On October 31, 2019, the Roberts filed their Motion for Leave to File Their Fourth Amended Petition, well after the deadline for amended pleadings. The amended pleading added allegations that AFR and LoanCare violated The Texas Property Code and that the "relevant discovery responses from Loancare and AFR" were not received until August 30, 2019, after the deadline for amended pleadings had passed. The Roberts asked to amend their pleadings to add "additional theories of recovery" for breach of contract, the Texas Debt Collection Act, a claim for wrongful eviction, and attached the proposed fourth amended pleading to their motion. In the proposed motion, the Roberts alleged breach of contract arguing that the Notice of Sale for the foreclosure was defective as a matter of law because AFR and LoanCare did not strictly comply with the Texas Property Code. They state that under 51.0075(e) of the Texas Property Code, the notice of sale must contain the name and address of the trustee or substitute trustee, and here, the notice of sale did not contain the address of the substitute trustee.

AFR and LoanCare filed a motion objecting to the Roberts' motion for leave to file a fourth amended petition, arguing that allowing the amendment would be highly prejudicial to AFR and LoanCare and would operate as a complete surprise

8

because the Roberts admit that these are new causes of action not previously pled and "the amendment asserts a new cause of action or defense, and thus is prejudicial on its face." AFR and LoanCare contend that the Roberts' statement that they did not receive the document until August 30, 2019 is "disingenuous" because the documents were either in the Roberts' possession or available via public record for almost three years. Additionally, AFR and LoanCare state that even if they only received the documents on August 30, 2019, the Roberts waited two months to attempt to amend their pleadings "and their delay has directly affected Defendants' ability to address Plaintiffs new claims through a dispositive motion or additional discovery." Because of this delay, AFR and LoanCare would have to seek leave of the court to file another dispositive motion to address the new claims.

LoanCare and AFR attached to their motion a copy of the notice of the acceleration, notice of substitute trustee sale, and appointment of substitute trustee. The notice of acceleration showed that it was prepared on February 23, 2017, and it was sent via certified mail to Megan Roberts at 205 Stardust Trail Waxahachie, Texas, the residence which is the subject of this lawsuit.

In their sur reply, the Roberts state the following:

but Defendants now argue that said documents have always been available to Plaintiffs. Plaintiffs disagree. Plaintiffs did not have the official copy of the Notice of Sale posted at the courthouse until August 30, 2019 when Defendants produced it. Further, while the Appointment of Substitute Trustee is a public record, Defendants seem to suggest that

> Plaintiffs cannot rely on discovery. Indeed, Defendants' argument defeats the purpose of the discovery process.

The trial court denied the Roberts' motion without any additional findings.

On this record, we cannot say the trial court abused its discretion in denying the Roberts' amended pleading. The Roberts do not dispute that they were provided an "unofficial" copy of the Notice of Sale before the deadline to amend pleadings. Nor do they dispute that the appointment of a sale trustee is public record. They only contend that it "defeats the purpose of the discovery process" by not requiring the defendants to timely produce the file-stamped "Notice of Foreclosure Sale" in discovery. Even if we consider the argument that the file-stamped public records should have been produced by the defendants, the trial court was within its discretion to determine the facts surrounding the foreclosure sale were sufficiently known to the Roberts in time for the Roberts to amend their pleadings before the docket control order deadline. The trial court could have reasonably concluded that the amended pleading added allegations and claims that reshaped the Roberts' claims and that LoanCare and AFR could not have anticipated the new causes of action in light of what was produced and available in the public record already. *See Price v. Short*, 931 S.W.2d 677, 686 (Tex. App.—Dallas 1996, no pet.) ("The trial court does not abuse its discretion in denying an amendment when the record shows a lack of diligence by the party seeking to file the amendment."); *see also Lower Valley Water Dist. v. Danny Sander Constr.,* 657 S.W.3d 404, 409 (Tex. App.—El Paso 2022, no

10

pet.). Additionally, in response to any new claims, LoanCare and AFR would have to seek additional leave to respond to and file further amended summary judgment motions to address the new claims which established prejudice. Finally, if leave to amend the pleadings was granted, it would detrimentally affect LoanCare and AFR's presentation of the case. *See Halmos*, 314 S.W.3d at 623 (citing *Smith Detective Agency & Nightwatch Serv., Inc.*, 938 S.W.2d at 749); *see also Dickens v. Jason C. Webster, P.C.*, No. 05-17-00423-CV, 2018 WL 6839568, at *14 (Tex. App.—Dallas Dec. 31, 2018, no pet.) (determining a trial court did not abuse its discretion when striking an amended counterclaim, because the opposing party "filed a written objection to the amended pleading as constituting a surprise, raising new subject matter that could not have been anticipated, and detrimentally affecting his presentation of the case."). The trial court had discretion to refuse the amendment. *See Greenhalgh*, 787 S.W.2d at 939. We overrule the Roberts' first issue regarding the disallowance of the fourth amended petition and the claims made therein.

**B. Issue Two – Summary Judgment**

In their second issue, the Roberts claim the trial court erred when it granted LoanCare and AFR's motion for traditional and no evidence summary judgment. The Roberts contend there are material fact issues regarding their breach of contract claim, Texas Debt Collection Act claims, and their suit to set aside the foreclosure

sale. Additionally, the Roberts assert that their claims for declaratory relief and accounting did not fail as a matter of law.

## A. Standard of Review

We review rulings on motions for summary judgment using a de novo standard. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). The trial court's orders granting summary judgment do not specify the basis for the ruling; thus, we must affirm the trial court's judgment if any of the theories advanced are meritorious. *Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

In resolving the Roberts' issues, we must consider the ruling on the no-evidence part of the Defendants' hybrid motions for summary judgment before considering the ruling on the traditional portion of the Defendants' motion. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). In reviewing a no-evidence motion, we must view the evidence in the light most favorable to the non-movant. *Id.* at 601. The Texas Supreme Court has explained that the trial court must grant a no-evidence motion if (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively established the opposite of the vital fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex.

12

2003). Because a trial court's decision granting a no-evidence motion for summary judgment is essentially a pretrial directed verdict, the same legal sufficiency standard is used in reviewing rulings made by trial courts on motions for directed verdicts. *Id.* at 750-51. "A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Ridgway,* 135 S.W.3d at 600. "When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex. 1983).

"If the non-movant fails to meet its burden under the no-evidence motion, there is no need to address the challenge to the traditional motion as it necessarily fails." *First United Pentecostal Church of Beaumont, d/b/a The Anchor of Beaumont v. Parker,* 514 S.W.3d 214, 219 (Tex. 2017). A party moving for traditional summary judgment meets its burden by proving that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c).

## B. Analysis

### 1. Breach of Contract

First, the Roberts assert that the trial court erred by granting LoanCare and AFR a summary judgment on their breach of contract claim. The Roberts contend that there are fact issues regarding their breach of contract claims, specifically that

Federal law has stated that they are entitled to a private cause of action if the "HUD regulations expressly incorporated in a deed of trust constitute an integrated contract." In support of their claim, the Roberts direct our attention to paragraph 9(d) of their Deed of Trust which states,

> Regulations of HUD Secretary. In many circumstances regulations issued by the Secretary will limit lenders rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

The Roberts cite to this paragraph and to several cases in federal court contending they are afforded a private cause of action for violation of HUD regulations. Specifically, the Roberts cite section 203.556(b) requiring a lender to "accept any partial payment and either apply it to the mortgagor's account or identify it with the mortgagor's account and hold it in a trust account pending disposition." 24 C.F.R. § 203.556(b).[3] According to the Roberts, LoanCare and AFR violated this

---

[3] In their brief, the Roberts direct our attention to two federal cases from the Fifth Circuit Court of Appeals to support their argument. *See Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016); *Smith v. JPMorgan Chase Bank, N.A.*, 519 Fed. Appx. 861, 864 (5th Cir. 2013) In *Johnson*, the Fifth Circuit, held that "HUD regulations do not give the borrower a private cause of action unless the regulations are expressly incorporated into the lender-borrower agreement." *Johnson*, 830 F.3d at 196. The *Johnson* court noted that there was no evidence that the parties intended to incorporate a specific HUD regulation into their deed of trust. *Id*. Additionally, in *Smith*, the Fifth Circuit reiterated its holding that a private cause of action arises only if "expressly incorporated into the contract[,]" and not from a "deed of trust that references federal law but does so in general terms." [insert short cite to quote from Smith case.] Finally, while the Roberts cite to several federal district court cases to support their argument, the federal rulings are not binding or

14

regulation when they refused to accept partial payment through their appointed foreclosure counselor when Megan Roberts attempted to make partial payment on the entirety of the reinstatement amount of the loan.

In response, LoanCare and AFR argue that the Roberts are not entitled to a breach of contract claim on alleged HUD violations because "Texas courts have held a borrower 'has no private right of action regarding any alleged failure to follow HUD regulations, even those incorporated in the deed of trust.'" Citing two Texas intermediate appellate court decisions,[4] LoanCare and AFR state that the Roberts' reliance on federal law is not binding and Texas courts have expressly held that there is no private cause of action for violation of HUD regulations, even if incorporated in the deed of trust.

We agree. The Fort Worth Court of Appeals explained in 2020 that a mortgagor does not have a private cause of action against a mortgagee for violations of HUD regulations even if they are incorporated by reference in its deed of trust.

---

controlling authority for the case at bar. *See Davenport v. Garcia*, 834 S.W.2d 4, 20 (Tex. 1992) ("With a strongly independent state judiciary, Texas should borrow from well-reasoned and persuasive federal procedural and substantive precedent when this is deemed helpful, but [it] should never feel compelled to parrot the federal judiciary.").

[4]*Hornbuckle v. Countrywide Home Loans, Inc.*, 2011 WL 1901975, at *5 (Tex. App.—Ft. Worth May 19, 2011, no pet.) (mem. op.) (alleged the lender breached the deed of trust by failing to obtain HUD approval before attempting to foreclose); and see *Schuetz v. Source One Mortg. Servs. Corp.*, 2016 WL 4628048, at *3 (Tex. App.—Austin Sept. 1, 2016, no pet.) (mem. op.).

*See Kressenberg v. Nationstar HECM Acquisition Trust 2015-2,* No. 02-18-00261-CV, 2020 WL 1808293, at *5 (Tex. App.—Fort Worth Apr. 9, 2020, pet. denied) (mem. op.) (quoting *Hornbuckle v. Countrywide Home Loans, Inc.*, No. 02-09-00330-CV, 2011 WL 1901975, at *5 (Tex. App.—Fort Worth May 19, 2011, no pet.) (mem. op.) (per curiam)) (describing a private lawsuit against a mortgagee who did not receive permission from HUD before foreclosure as "much to do about nothing" because '[w]e have previously held that a mortgagor "has no private right of action regarding any alleged failure by [mortgagee] to follow HUD regulations, even those incorporated in the deed of trust.'"); *see also Schuetz v. Source One Mortgage Services Cor*p., No. 03-15-00522-CV, 2016 WL 4628048, at *3 (Tex. App.—Austin Sept. 1, 2016, no pet.) (mem. op) (holding "regulations promulgated by HUD under the National Housing Act govern relations between the mortgagee and the federal government[,]" and cannot be subject to a private cause of action, even if the regulations are incorporated into the deed of trust). To the extent that the Roberts' claims are based on the application of HUD statutes and regulations to their private cause of actions against LoanCare and AFR, we conclude the trial court did not err in granting summary judgment on this issue. *See Schuetz*, 2016 WL 4628048, at *3.

**2. Notice of Sale and Appointment of Substitute Trustee**

The Roberts next argue the Notice of Sale and Appointment of Substitute Trustees are defective as a matter of law. Appellants concede that this issue is based on claims contained in their fourth amended petition invoking HUD regulations as the basis for these claims. As we have previously discussed, the trial court did not abuse its discretion by denying the Roberts' motion for leave to file a fourth amended petition containing these allegations. Therefore, this issue is overruled.

**3. Texas Debt Collection Act**

The Roberts' live petition at the time the motion for summary judgment was filed alleged violations under the Texas Finance Code and HUD regulations. As we have already held, any allegations related to HUD regulations do not provide a private cause of action and the trial court correctly granted summary judgment on those complaints. *See Kressenberg*, 2020 WL 1808293, at *5; *Schuetz*, 2016 WL 4628048, at *3. To the extent that the Roberts allege HUD violations are actionable under the TDCA, for the same reasons outlined above we overrule those issues and affirm the summary judgment of the trial court.

We separately examine the Roberts' allegation against LoanCare and AFR in which they contend the appellees' service of the loan and foreclosure practices are actionable under the TDCA. *See* Tex. Fin. Code Ann. §§ 392.001 et seq. The Roberts argue their complaints are not limited to modification but also include LoanCare and

17

AFR's attempts to wrongfully foreclose, and alleged misrepresentations of the amounts owed in violation of the TDCA. *See* Tex. Fin. Code Ann. §§ 392.304(a)(8), 392.304(a)(19), and 392.301(a)(8).

The TDCA, and specifically section 392.304(a)(8), prohibits the use of "fraudulent, deceptive, or misleading representation" by a debt collector, including "misrepresenting the character, extent, or amount of consumer debt[.]" *See* Tex. Fin. Code Ann. § 392.304(a)(8). We have previously held that loan modification discussions that end in foreclosure do not constitute misrepresentations under the TDCA. *See Compass Bank v. Collier*, No. 09-19-00112-CV, 2020 WL 6494213 at 12 (Tex. App.—Beaumont Nov. 5, 2020, no pet.) (mem. op.) (citing *Chavez v. Wells Fargo Bank*, *N.A.*, 578 Fed. App'x. 345, 348 (5th Cir. 2014)) (finding that Federal courts interpreting the TDCA have repeatedly held that "statements regarding loan modifications do not concern the 'character, extent, or amount of consumer debt' under section 392.304(a)(8)[.]" *Chavez*, 578 Fed. App'x. at 348 (citing *Miller v. BAC Home Loans Serv., L.P.*, 726 F.3d rob717, 723 (5th Cir. 2013)). To maintain a claim under section 392.304(a)(19), a plaintiff must allege that the debt collector made an "affirmative statement" that was false or misleading. *Thompson*, 13 F.Supp.3d at 657 (quoting *Williams v. Wells Fargo Bank, N.A*., 560 Fed. App'x. 233, 240–41 (5th Cir. 2014)); *see also Kruse v. Bank of New York Mellon*, 936 F.Supp.2d 790, 792 (N.D. Tex. 2013). Section 392.301(a)(8) states that "In debt collection, a debt

18

collector may not use threats, coercion, or attempts to coerce that employ any of the following practices: threatening to take an action prohibited by law." Tex. Fin. Code Ann. § 392.301(a)(8); *Williams v. Freedom Mortg. Corp.*, No. 3:22-CV-01973-N, 2023 WL 1806023, at *3 (N.D. Tex. Feb. 7, 2023) (describing the application of that section to the allegations specifically alleged by the mortgagee).

The Roberts rely on the same conduct by LoanCare and AFR in support of their contention that LoanCare and AFR violated both TDCA provisions. They argue that LoanCare and AFR "foreclosed upon the Property despite their failure to accept Appellants' partial payments pursuant to the HUD regulations and to strictly adhere to the Texas Property Code[.]" On appeal, the Roberts point to deposition testimony and exhibits describing LoanCare and AFR's conduct in foreclosing on their property, arguing the notice of sale did not comply with requirements under the Texas Property Code. According to the Roberts, the address on the Notice of Sale must be in strict compliance with Texas Property Code requirements because it lists the address of a law firm and not the address of the substitute trustee. *See* Tex. Prop. Code Ann. § 51.0075(e). Attached to the Roberts' motion for summary judgment and their response to LoanCare and AFR's Motion for summary judgment is the Notice of [Substitute] Trustee Sale, showing a substitute trustee and the address for the substitute trustee listed as follows:

19

Substitute Trustee
c/o BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP
4004 Belt Line Road, Suite 100
Addison, Texas 75001

Additionally, the Roberts argue that "[t]he Notice of Sale was posted at the courthouse on February 27, 2017. However, said substitute trustees on the Notice of Sale were appointed as substitute trustees only on March 21, 2017. Accordingly, the substitute trustees did not have authority to conduct the foreclosure sale pursuant to § 51.0075 of the Texas Property Code. LoanCare and AFR had to strictly comply with the Texas Property Code." *See* Tex. Prop. Code Ann. § 51.0075 (General authority of the Trustee or Substitute Trustee).

In response, LoanCare and AFR argue that this claim was only raised in the Roberts' fourth amended petition, which the trial court rejected and denied the Roberts leave to file. The last live pleading filed by the Roberts is their third amended petition. The third amended petition does not make a complaint regarding defects of the notice of sale for failure to comply with the Texas Property Code. As we have already addressed above, the trial court did not abuse its discretion when it denied the Roberts leave to file the fourth amended petition adding the new allegations under the TDCA regarding the authority of the substitute trustee or compliance of the Notice of Sale under the Texas Property Code. We overrule this issue.

20

### 4. Unjust Enrichment

The Roberts' third amended petition (the live pleading at the time of summary judgment) contains allegations of unjust enrichment based upon LoanCare and AFR failing to follow the HUD regulations the Roberts allege are incorporated by reference into the deed of trust. In their brief, the Roberts fail to brief this claim and appear to have waived it. *See Washington v. Bank of New York*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.) ("Bare assertions of error, without argument or authority, waive error.") (citing *Sullivan v. Bickel & Brewer,* 943 S.W.2d 477, 486 (Tex. App.—Dallas 1995, writ denied) and *Fredonia State Bank v. Gen. Am. Life Ins. Co.,* 881 S.W.2d 279, 284 (Tex.1994). Additionally, the Roberts rely upon the HUD regulations as the basis for this claim. We have already overruled their complaints about the HUD regulations, and for the same reasons outline earlier, we overrule this issue.

### 5. Suit to Set Aside the Foreclosure Sale

Next the Roberts argue the trial court erred when it granted summary judgment in favor of LoanCare and AFR for their Suit to Set Aside the Foreclosure Suit. Specifically, the Roberts contend "LoanCare and AFR here failed to strictly comply with the Deed of Trust[, and] Appellees' non-compliance with the HUD regulations and the Texas Property Code is fatal." As we have already discussed, any violations of HUD regulations do not create a private cause of action.

21

Additionally, the Roberts again argue that the Notice of Sale was in violation of the Texas Property Code because it did not include the address of the Substitute Trustee. This issue was not addressed in the Roberts' last live pleading before the trial court granted summary judgment and the trial court did not abuse its discretion by denying the Roberts leave to amend their pleadings to include this allegation. We overrule this issue.

## 6. Request for Accounting and Declaratory Relief

In their final issue against LoanCare and AFR, the Roberts argue the trial court erred by granting summary judgment because they "produce[d] evidence showing there are genuine issues of material fact as to their claims against LoanCare and AFR." In support of their claim, the Roberts argue they produced evidence demonstrating a fact issue regarding the following issues:

> HUD regulations were incorporated into Appellants' Deed of Trust; LoanCare and AFR refused partial payments in violation of HUD regulations; [t]he Notice of Sale was not in compliance with Tex. Prop. Code § 51.0075(e); and [t]he Substitute Trustee did not have authority to conduct the foreclosure.

This Court has already addressed these arguments and overruled them. Consequently, we hold the trial court did not err when it granted LoanCare and AFR's traditional and no evidence summary judgment. We overrule the Roberts' last issue against LoanCare and AFR and affirm the judgment of the trial court granting traditional and no evidence summary judgment as to LoanCare and AFR.

22

## IV. Claims against HRL and Sibley

The Roberts filed claims against both LoanCare and AFR as the mortgagees and facilitators of the foreclosure and HRL and Sibley as the purchasers of their home at the foreclosure sale. In their brief, the Roberts state "[t]he trial court appears to grant HRL and Sibley's motion for summary judgment because it granted LoanCare and AFR's motions for summary judgment and Appellants' claims against HRL and Sibley are dependent on being successful in their claims against LoanCare and AFR." In two issues, the Roberts argue that HRL and Sibley bought the property at their own peril and even a bona fide purchaser only obtains a property a trustee has authority to convey. Next, they contend that because the foreclosure conducted by LoanCare and AFR was void, the "title never passes between parties in a void foreclosure sale, such as here, the remedy is to place the parties in the same position they were before, as if the foreclosure had never taken place."

As we have noted, the Roberts concede that their claims against HRL and Sibley are prefaced on this Court sustaining their issues against LoanCare and AFR and reversing the trial court's granting of summary judgment in favor of LoanCare and AFR. We have overruled their issues against LoanCare and AFR and affirmed the summary judgment of the trial court pertaining thereto, and we overrule their issues against HRL and Sibley and affirm the trial court's granting of summary judgment in favor of HRL and Sibley.

## V. Conclusion

Having overruled all of the Roberts' issues, we affirm the judgment of the trial court.

AFFIRMED.

_____
JAY WRIGHT
Justice

Submitted on June 2, 2022
Opinion Delivered April 6, 2023

Before Golemon, C.J., Johnson, and Wright, JJ.