**Christopher SMITH; Carolyn Smith,**
**Plaintiffs–Appellants,**

**v.**

**JPMORGAN CHASE BANK, N.A.;**
**Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust, 2004–4, Defendants–Appellees.**

No. 12–40816
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 22, 2013.

Jack B. Peacock, Jr., Tracy M. Turner, Gagnon, Peacock & Shanklin, P.C., Dallas, TX, for Plaintiffs–Appellants.

Marcie Lynn Schout, Esq., Michael James Chiusano, William Lance Lewis, Esq., Quilling, Selander, Lownds, Winslett & Moser, P.C., Dallas, TX, for Defendants–Appellees.

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

JERRY E. SMITH, Circuit Judge: *

Christopher and Carolyn Smith defaulted on their mortgage despite a loan modification agreement. They sued Deutsche Bank National Trust Company ("Deutsche Bank") and JPMorgan Chase Bank ("Chase") for breach of contract, unreasonable collection efforts, violations of the Texas Debt Collection Practices Act ("TDCPA"), and negligent misrepresentation. The Smiths appeal a summary judgment on all of their claims. Finding no error, we affirm.

I.

In 2004, the Smiths purchased a property and executed a note payable to Long Beach Mortgage Company, secured by a deed of trust. The loan was assigned to Deutsche Bank and serviced by Chase. By early 2007, the Smiths had fallen be-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

hind, so they agreed with Deutsche Bank to modify the loan agreement but soon fell behind again. To avoid foreclosure, they filed for bankruptcy relief in 2008, which was dismissed in 2009. In October 2009, they refiled bankruptcy, again to stave off foreclosure.

The Smiths failed to make payments in accordance with the bankruptcy plan, the bankruptcy stay was lifted, and the property was posted for foreclosure. No foreclosure proceedings have occurred, and the Smiths remain in possession.

The Smiths sued, alleging breach of contract, unreasonable debt collection efforts, violations of the TDCPA, and negligent misrepresentation. They asked the district court for an equitable accounting and declaratory judgment. Defendants moved for summary judgment, which the district court granted. The Smiths moved to vacate the judgment, which the court denied.

## II.

"We review a summary judgment *de novo,* applying the same standard as the district court." *United States ex rel. Jamison v. McKesson Corp.,* 649 F.3d 322, 326 (5th Cir.2011). "Summary judgment will be granted if, viewing the evidence in the light most favorable to the non-moving party, there is no genuine dispute a[s] to any material fact and the movant is entitled to judgment as a matter of law." *Id.; see* FED. R. CIV. P. 56(a). The non-moving party cannot stave off summary judgment with "conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence." *Chaney v. Dreyfus Serv. Corp.,* 595 F.3d 219, 229 (5th Cir.2010). "[I]t is an elementary proposition, and the supporting cases too numerous to cite, that this court may affirm the district court's judgment on any grounds supported by the record." *Palmer*

*ex rel. Palmer v. Waxahachie Indep. Sch. Dist.,* 579 F.3d 502, 506 (5th Cir.2009).

## III.

### A.

The Smiths contend that defendants breached the deed of trust by failing to allow them to purchase their own insurance. "In Texas, [t]he essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.,* 564 F.3d 386, 418 (5th Cir.2009) (citation and internal quotation marks omitted; alteration in original). Under the deed of trust, the Smiths were obliged to purchase hazard or property insurance and were allowed to chose their own insurance carrier, "subject to Lender's approval which shall not be unreasonably withheld." Relying on that provision, the Smiths conveniently neglect to quote the next sentence of the deed— "[i]f Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7." Paragraph 7, in turn, gave the lender the right to "do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property" if the Smiths failed "to perform the covenants and agreements contained" in the deed. Any amount the lender spent would "become additional debt of [the] Borrower."

■ After the Smiths failed to make payments under the loan modification agreement, Deutsche Bank exercised its right to protect the property by purchasing lender-placed insurance. Deutsche Bank paid the $5000 annual premium and

added that amount to the Smiths' debt. In doing so, Deutsche Bank acted within the terms of the contract.[1]

### B.

The Smiths also contend that defendants breached the deed of trust by failing to respond to their qualified written request under RESPA. They had asked for a transaction history of all payments from August 2004 through July 2010, but Chase sent a history only of January 2008 through July 2010. Also, Chase did not provide the purpose of payments and the recipient of the foreclosure fees and escrow items, as requested.

■ Federal statutes and regulations can form the basis of a breach-of-contract claim if the parties expressly incorporate them into their contract.[2] RESPA's provisions were not expressly incorporated into the contract between the Smiths and Deutsche Bank. The only provision in the deed of trust that references federal law does so in general terms, noting that the deed "shall be governed by federal law and the law of the jurisdiction in which the Property is located." Therefore, the Smiths cannot base their claim for breach of contract on RESPA.

■ Furthermore, even if they could premise their claim on RESPA, they cannot show any particular damages they suf-

fered from Chase's violation. Chase's incomplete response was provided on August 2, 2010, less than sixty days before the Smiths sued. The Smiths offer no evidence that they suffered any damages during those sixty days attributable to Chase's incomplete response.

### C.

■ The Smiths maintain that the district court erred in rejecting their claim of unreasonable collection efforts. The court concluded that the Smiths were unable to show that defendants engaged in "a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App.-Dallas 2008, no pet.).[3] The Smiths' only evidence that defendants had done so was Mr. Smith's self-serving and uncorroborated statement that "Defendants' agents made harassing phone calls 8–10 times per day. I quit answering our phone, but the constant ringing caused us to have to unplug our home phone and to only use our cell phones." Defendants' detailed call records, on the other hand, indicated that calls were not answered, phone numbers were disconnected, and messages were left, but, on days when there were multiple calls, only two calls were made. The district court correctly concluded that Mr.

---

1. The Smiths also claim that Deutsche Bank violated provisions of the Mortgage Reform and Anti–Predatory Lending Act of 2010, which modified the Real Estate Settlement and Procedures Act ("RESPA"). 12 U.S.C. § 2605(k),(*l*). Because that act became effective in 2010, its provisions did not bind Deutsche Bank's actions taken before 2007.

2. *See Franklin v. BAC Home Loans Servicing, L.P.*, No. 3:10–CV–1174–M, 2011 WL 248445, at *2 n. 14 (N.D.Tex. Jan. 26, 2011) (collecting cases).

3. *See De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 Fed.Appx. 200, 204–05 (5th Cir.2012) ("Although the Texas Supreme Court has never delineated a standard for this tort, the district court did not err in adopting the standard set forth in [*Jones* ], instead of the standard in *Employee Finance Co. v. Lathram*, 363 S.W.2d 899, 901 (Tex.Civ.App.-Fort Worth 1962), *affirmed in part, reversed in part, on other grounds*, 369 S.W.2d 927 (Tex. 1963), which has largely been disavowed by Texas courts, *see Watson v. Citimortgage, Inc.*, 814 F.Supp.2d 726, 734 (E.D.Tex.2011)." (internal citation omitted)).

Smith's affidavit was not enough to raise a genuine dispute of material fact.[4]

### D.

The Smiths assert that defendants violated various provisions of the TDCPA by (1) purchasing lender-placed insurance and failing to allow the Smiths to purchase their own, (2) imposing wrongful charges on their account, and (3) failing to respond adequately to their RESPA written request. As to the first, defendants were entitled to purchase insurance and seek reimbursement from the Smiths. As to the second, the Smiths offer a list of purported overcharges but no evidence to show that the charges were unauthorized. As to the third, the Smiths do not show how providing two years of transaction history rather than six years amounted to a deceptive means to collect a debt.

### E.

To prove negligent misrepresentation, a plaintiff must show that: "(1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation." *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex.1991). "Under the economic loss rule, a plaintiff may not bring a claim for negligent misrepresentation unless the plaintiff can establish that he suffered an injury that is distinct, separate, and independent from the economic losses recoverable under a breach of contract claim." *Sterling Chems., Inc. v. Texaco, Inc.*, 259 S.W.3d 793, 797 (Tex.App.-Houston 2007, pet. denied).

The Smiths aver that defendants negligently misrepresented: (1) through the deed of trust, that the Smiths had the right to choose the insurance, (2) that the Smiths could not obtain their own insurance, and (3) that defendants would provide a complete and accurate response to the Smiths' RESPA written request. Because the first two allegations are identical to the breach-of-contract claim, they are barred by the economic-loss rule. The third allegation fails, among other reasons, because the Smiths cannot show that they suffered any pecuniary loss by relying on the statement.[5]

AFFIRMED.

---

4. The Smiths also argue that defendants' phone calls were tortious because they were attempting to collect debt not actually owed. The Smiths do not dispute that they were in default but merely dispute the amount owed. The cases on which they rely, however, involve debts that were fully paid or discharged. *See Narvaez v. Wilshire Credit Corp.*, 757 F.Supp.2d 621, 635 (N.D.Tex.2010) (collecting cases).

5. Because the district court properly rejected all of the Smiths' claims, it also correctly rejected their requests for an accounting and a declaratory judgment.