**Mehdi CHERKAOUI,**
**Plaintiff/Counterclaim Defendant,**

v.

**SANTANDER CONSUMER USA, INC.,**
**Defendant/Counterclaim Plaintiff.**

**Case No. 4:13–cv–00467.**

United States District Court,
S.D. Texas,
Houston Division.

Signed May 23, 2014.

Gerald John Galow, Jerry Galow, Galow Smith et al, Austin, TX, Mehdi Mohammed Cherkaoui, Cherkaoui & Assoc., Houston, TX, for Plaintiff/Counterclaim Defendant.

Robert M. Luck, III, Travis A. Sabalewski, Reed Smith LLP, Richmond, VA, Christopher Brian Watt, Reed Smith LLP, Houston, TX, for Defendant/Counterclaim Plaintiff.

### ORDER

VANESSA D. GILMORE, District Judge.

THIS MATTER came before the Court upon Defendant Santander Consumer USA, Inc's Rule 56 Motion for Summary Judgment ("Motion") as to each of Plaintiff Mehdi Cherkaoui's claims, including claims arising under the Telephone Consumer Protection Act, the Texas Telephone Consumer Protection Act, The Texas Debt Collection Act and for Invasion of Privacy as well as Santander's Request for Summary Judgment as to Santander's Breach of Contract claim against Plaintiff, and it

APPEARING TO THE COURT, based on consideration of the pleadings and the briefs filed with the Court that Summary Judgment is warranted, the Court hereby finds:

### FINDINGS OF FACT

1. On July 21, 2009, Plaintiff applied for an auto loan with Santander to purchase a BMW. On his credit application Plaintiff listed his cellular phone number (231–686–8300). Motion p. 2, UDF ¶ 2.

2. Plaintiff subsequently entered into a Retail Installment Contract ("Contract") to finance purchase of the BMW, thereby agreeing to make monthly payments of $419.92 until the loan was paid in full. The Contract was assigned to Santander. Motion p. 2, UDF ¶ 3

3. In October of 2009, Plaintiff became delinquent on the loan. Santander provided a total of eight months of payment deferments, waived certain late fees and extended the payment due date for the loan. However, Plaintiff remained delinquent on the Loan. Over almost 4 years Plaintiff made only 29 payments on the loan and made no more payments after December 8 of 2012 despite a remaining balance in excess of $13,000. Motion p. 2–3, UDF ¶¶ 4–6.

4. Under the terms of the contract, in the event of Plaintiff's default, Santander was entitled take possession of and sell the BMW and to require Plaintiff to pay all amounts still due on the loan. In June of 2013, Santander repossessed the BMW and subsequently sold the vehicle on July 3, 2013. After the sale of the BMW, the remaining balance due on loan was $14,164.18. Motion p. 8, UDF ¶¶ 26–27.

5. Plaintiff never communicated a written or oral request that Santander stop calling his Cell Phone. On Saturday, December 26, 2009, Plaintiff called Santander at 7:10 PM but never spoke with any Santander representative. Plaintiff could not have spoken with any representatives of Santander at 7:10 PM on Saturday, December 26, 2009 because Santander was closed and no representatives were available. Motion p. 3–4, UDF ¶¶ 7–13.

6. Santander's Account Notes for Plaintiff's account would have indicated an inbound call if Plaintiff reached a representative. The Account Notes contain no such record. Instead Santander's records show that the December 26 call only connected to Santander's Interactive Voice Recognition system, not to any Santander representative. Motion p. 5–6, UDF ¶¶ 15–17.

7. Instead of revoking consent to be called on his cell phone number, Plaintiff repeatedly verified that the cell phone number was an acceptable contact number. Over 99% of the calls Santander placed to Plaintiff went unanswered or otherwise did not result in any conversation between Santander and Plaintiff. Plaintiff also made almost 50 calls to Santander and called Santander exclusively from his cell phone. Motion p. 6–7, UDF ¶¶ 18–19, 23.

8. Santander's actions in relation to the Loan and Plaintiff were consistent with industry standards and practices under the circumstances of the Loan and demonstrated intent to provide Plaintiff the opportunity to become current and avoid repossession of the BMW. Motion p. 6–7, UDF ¶ 20.

9. Santander did not act with any intent to harass or abuse Plaintiff. Instead, Santander's purpose in communicating with Plaintiff was to obtain the payments due. Santander never used profanity or any other abusive or harassing language towards Plaintiff. Motion p. 6–7, UDF ¶¶ 21–23.

10. Santander also periodically reviewed Plaintiff's credit report. These reviews were conducted for purpose of routine account review, were not viewable by any other party that obtained Plaintiff's credit report and had no effect on Plaintiff's credit. Motion p 7–8, UDF H 24.

11. Plaintiff suffered no actual injury or damages, including any injury or damage as a result of mental anguish, as a result of any of Santander's activities. Motion p. 8, UDF 25.

## CONCLUSIONS OF LAW

1. This Court has subject-matter jurisdiction over the Plaintiffs' claims arising under Federal Law pursuant to 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over the pendent state-law claims pursuant to 28 U.S.C. § 1367(a) because all of those claims are so related to Plaintiffs' federal statutory claims that they form part of the same case or controversy.

2. The Retail Installment Sales Contract ("Contract") is a valid and enforceable contract. *Smith Int'l, Inc. v. Egle Grp., LLC,* 490 F.3d 380, 387 (5th Cir. 2007).

3. In connection with the Contract, Plaintiff completed a Credit Application and provided his cell phone number as the contact number on the Credit Application. Plaintiff's provision of his cell phone number on the Credit Application constitutes his prior express consent to be contacted on that cell phone using an automated telephone dialing system. *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 23 F.C.C.R. 559, 564 (2008); *Cunningham v. Credit Mgmt., L.P.,* 3:09–CV–1497–GB(BF), 2010 WL 3791104 at *4–5 (N.D.Tex. Aug. 30, 2010) *report and recommendation adopted,* 3:09–CV–1497–G(BF), 2010 WL 3791049 (N.D.Tex. Sept. 27, 2010); *Adamcik v. Credit Control Servs., Inc.,* 832 F.Supp.2d 744, 753 (W.D.Tex.2011).

4. Plaintiff never effectively communicated any revocation of his prior express consent to be called on his cell phone using an automated telephone dialing system. Plaintiff's self-serving and uncorroborated contention that he revoked consent is contradicted by the overwhelming evidence in the record. Accordingly, Plaintiff has not raised a genuine dispute of material fact as to whether he revoked consent. *Scott v. Harris,* 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007); *Smith v. JPMorgan Chase Bank, N.A.,* 519 Fed. Appx. 861, 865 (5th Cir.2013); *Widder v. Texas A & M Univ. Corpus Christi,* 2:11–CV–00282, 2012 WL 3776477 at *1 (S.D.Tex. Aug. 29, 2012).

5. Because Plaintiff provided his consent to be called on his cell phone using an automated telephone dialing system and never revoked that consent, Santander did not violate the Telephone Consumer Protection Act's ("TCPA") restriction on placing calls to Plaintiff's cell phone using an automatic telephone dialing system without his prior express consent. 47 U.S.C. § 227(b)(1); *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 23 F.C.C.R. 559, 564 (2008); *Cunningham v. Credit Mgmt., L.P.,* 3:09–CV–1497–GB(BF), 2010 WL 3791104 at *4–5 (N.D.Tex. Aug. 30, 2010) *report and recommendation adopted,* 3:09–CV–1497–G(BF), 2010 WL 3791049 (N.D.Tex. Sept. 27, 2010); *Adamcik v. Credit Control Servs., Inc.,* 832 F.Supp.2d 744, 753 (W.D.Tex.2011).

6. As Santander did not violate the TCPA, Santander also did not violate related Texas state law claims arising under the Texas Business and Commercial Code § 305.053 ("Texas TCPA"). The Texas TCPA proscribes only that conduct which is also prohibited by the TCPA. If no violation of the TCPA exists, there is no violation of the Texas TCPA. Tex. Bus. & Com.Code Ann § 305.053; *Shields v. Americor Lending Grp., Inc.,* 01–06–00475–CV, 2007 WL 2005079 at *3 n. 8 (Tex.App. July 12, 2007); *Masters v. Wells Fargo Bank S. Cent., N.A.,* A–12–CA–376–SS, 2013 WL 3713492 at *3 (W.D.Tex. July 11, 2013).

816

■ 7. Santander's communications and attempts to communicate with Plaintiff did not constitute the harassment or abuse of Plaintiff under the Texas Debt Collection's Act ("TDCA"). The volume or number of calls alone is insufficient to establish intent to harass and there is nothing in the records which indicates that Santander acted with the requisite intent to harass Plaintiff. Thus, Santander's administration of the loan and interactions with Plaintiff were not harassing, abusive, or unconscionable under the TDCA. Tex. Fin. Code § 392.302(4); *Karp v. Fin. Recovery Srvcs, Inc.*, A–12–CA–985 LY, 2013 WL 6734110 at *5 (W.D.Tex. Dec. 18, 2013); *Daniel v. W. Asset Mgmt., Inc.*, 11–10034, 2011 WL 5142980 (E.D.Mich. Oct. 28, 2011); *Carman v. CBE Grp., Inc.*, 782 F.Supp.2d 1223, 1232 (D.Kan.2011).

■ 8. Santander did not intentionally intrude upon Plaintiff's seclusion in a fashion which would be highly offensive to a reasonable person. To be actionable, the intrusion must be highly offensive meaning that it must be unreasonable, unjustified, or unwarranted. Santander had a bona fide business purpose for its administration of the loan and communications with Plaintiff. Santander administered the loan in a reasonable fashion, consistent with industry practices. Santander did not act in an unreasonable, unjustified, or unwarranted manner towards Plaintiff or in its administration of the loan and, therefore, did not invade Plaintiff's privacy or intrude on his seclusion. *Patton v. United Parcel Serv., Inc.*, 910 F.Supp. 1250, 1276 (S.D.Tex.1995); *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex.1993). *Morrison v. Weyerhaeuser Co.*, CIV.A. H–03–1033, 2004 WL 1945347 (S.D.Tex. Apr.13, 2004) aff'd, 119 Fed.Appx. 581 (5th Cir.2004); *Texas Serenity Acad., Inc. v. Glaze*, CIV.A. H–12–0550, 2013 WL 4459152 (S.D.Tex. Aug. 15, 2013).

■ 9. Santander had a permissible purpose for obtaining Plaintiff's credit report. Under the Fair Credit Reporting Act (FCRA) one permissible purpose for obtaining credit information is in connection with a credit transaction involving the consumer on whom the information is to be furnished or involving the extension of credit to, or review or collection of an account of, the consumer. A business may also permissibly obtain credit information when it obtains such information in connection with a business transaction that is initiated by the consumer or to review an account to determine whether the consumer continues to meet the terms of the account. 15 U.S.C.A. § 1681b(a)(3)(A), (F). Because Santander's credit inquiries were for a permissible purpose, they cannot be unreasonable, unjustified, or unwarranted for the purposes of an invasion of privacy claim. *Morrison v. Weyerhaeuser Co.*, CIV.A. H–03–1033, 2004 WL 1945347 (S.D.Tex. Apr. 13, 2004) aff'd, 119 Fed. Appx. 581 (5th Cir.2004); *Texas Serenity Acad., Inc. v. Glaze*, CIV.A. H–12–0550, 2013 WL 4459152 (S.D.Tex. Aug. 15, 2013).

■ 10. Mere feelings about what an alleged mental anguish injury is worth cannot support any recovery. Plaintiff did not present any direct evidence of the nature or severity of the alleged mental anguish and did not present any evidence to establish any substantial disruption in his daily routine. Plaintiff's feeling about what his invasion of privacy might be worth is insufficient to sustain any claim for damages. *Verinakis v. Med. Profiles, Inc.*, 987 S.W.2d 90, 95 (Tex.App.1998).

■ 11. Santander's obligations under the Contract where preformed when the vehicle was delivered to Plaintiff at the time of its purchase. Plaintiff breached the Contract by failing to make the payments required by the Contract. Santan-

der suffered damages as a result of Plaintiff's breach in the amount of the unpaid balance on the loan. Santander is entitled to recover the $14,164.18 from Plaintiff. *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir.2007).

THEREFORE, IT IS HEREBY ORDERED that Santander's Motion for Summary Judgment is GRANTED in full; and it is

FURTHER ORDERED that Judgment is entered for Santander as to Counts One through Four of Plaintiff's Amended Petition; and it is

FURTHER ORDER that Judgment is entered for Santander as to Santander's Counterclaim for Breach of Contact in the amount of $14,164.18 with interest at the judgment rate from the entry of this Order.

IT IS SO ORDERED.

### *PROPOSED ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND FINDINGS OF FACT AND CONCLUSIONS OF LAW AND TO ALTER OR AMEND JUDGMENT*

THIS MATTER came before the Court upon Plaintiff's Motion to Alter or Amend Findings of Fact and Conclusions of Law and to Alter or Amend Judgment (the "Motion to Alter or Amend"); and it

APPEARING to the Court, based on the briefing submitted by the parties, that the Motion to Alter or Amend should be denied;

It is therefore ORDERED that Plaintiff's Motion to Alter or Amend is DENIED.

IT IS SO ORDERED.